BREHMER, Respondent, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

*March 7—April 5, 1955.*

For the appellant there was a brief by *E. H. Borgelt* and *W. J. Roper* of Milwaukee, attorneys, and *Adolph P. Lehner* of Oconto Falls of counsel, and oral argument by *Mr. Roper*.

For the respondent there was a brief and oral argument by *Howard W. Eslien* of Oconto Falls.

MARTIN, J.   At the time of the accident, July 27, 1951, respondent Brehmer was an eighteen-year-old summer employee of the Falls Paper & Power Company of Oconto Falls. He and four other laborers were engaged in unloading groundwood pulp from Canadian National Railway car No. 510235 which had been delivered by the appellant to the loading platform of the paper company. The car had been partially unloaded from the platform side. To obtain more ventilation Brehmer and Ronald Gilbertson went around the car, removed the seal on the door and took off the latches. Gilbertson inserted a crowbar between the door and the left

door post about six inches above the bottom of the door and pried while Brehmer pulled on the handle of the door, but it would not open. Brehmer walked over to Gilbertson; they discussed the difficulty and decided to try again. As Brehmer was walking back toward the handle of the door the door fell out from the top, falling on him and injuring him.

Appellant argues that. the evidence does not support the jury's finding of causal negligence on the part of the railroad.

The door in question is a corrugated-steel door about six feet wide by eight and one-half feet high. A metal sill or "Z" bar is riveted to the side of the boxcar so that the top of the door fits behind it, overlapping about three quarters of an inch. Hook-shaped castings at the bottom of the door fit around a metal track on the car, and these castings house rollers upon which the door slides.

It was testified by witnesses for the respondent that the end of the "Z" bar, for 10 to 12 inches, was "damaged," "dented up," "wrinkled up," "part of it protruded out," "warped." There are numerous photographs in the exhibits and several are marked to indicate the damaged portion of the sill. Henry G. Boyce, general car foreman at Green Bay for the appellant, testified that he examined the car after the accident and saw no such damage to the "Z" bar; nor could he recognize any damage on the photographs. He testified, however, that it is the "Z" bar which holds the door on the car and he admitted that "if the 'Z' bar was bent, it might affect the effectiveness of keeping the door on;" that "assuming there was a defect there . . . it could possibly affect the falling of the door." This was evidence which the jury had the right to believe establishing a causal relationship between the defect claimed and the falling of the door.

As to whether or not such defect was discoverable, the testimony describing it and the photographs in evidence show that the portion of the "Z" bar claimed to be damaged extended over the top of the door and would have been visible,

with the door in place, to anyone experienced in the inspection of railway cars. And from the testimony that the damaged portion looked rusty, the jury could conclude that the defect had existed for some time prior to the accident. Appellant argues that the car was inspected on its arrival at Green Bay on July 25th and again on July 26th when it left for Oconto Falls. There is no affirmative evidence that the car was inspected. The records of the appellant show only such cars in the train as were deemed in need of repair and this car was not so noted. Apparently the jury considered that evidence and discarded it, as it had the right to do. The fact that the inspectors noted no defect in boxcar No. 510235 could mean that the inspection was not sufficient to disclose the defect.

Appellant maintains that the respondent's negligence was the sole and intervening cause of his own injuries. It is argued that even if the 10 to 12-inch portion of the "Z" bar had been bent the door could not have fallen. Mr. Boyce testified that it would require pressure to cause the door to fall out, suggesting that pressure such as applied by a crowbar would bend out the door from under the sill. The jury did not believe that. This was a large, heavy steel door which it took four men to pick up and place into the boxcar after the accident. Gilbertson weighed 145 pounds, respondent 127. The jury doubted that these young men, even applying all their strength to the crowbar and the handle, could buckle such a door so that it would spring out from the top. Brehmer testified, and it is not disputed, that the paper mill supplies the workmen with crowbars for the purpose of opening boxcar doors. From that the jury could conclude that the doors are, or should be, capable of withstanding such pressure without falling out, and that these young men were not negligent in employing what was the customary method of opening them.

It is also suggested by appellant that the cargo of wood pulp pressed against the door from the inside. The only evidence with respect to the position of the load is that of the photographs. They show that the material had been removed down to about half the height of the door and, in our opinion, they do not show that there was any pressure of the remaining material outward against the door. Nor do they show, as appellant also urges, that some of the pulpwood had become jammed between the door and the doorjamb and kept the door from sliding open. Had the jury felt that the position or pressure of the wood pulp on the inside caused the door to fall, it would not have answered the first question of the special verdict in the affirmative.

It was the duty of the appellant to deliver to the paper mill a car reasonably free from discoverable defects, *Bachmann v. Chicago, M., St. P. & R. Co.* (1954), 266 Wis. 466, 63 N. W. (2d) 824, and, under the facts presented, it was for the jury to decide whether appellant failed in that duty. We are satisfied, as was the learned trial court, that there was ample evidence to support the verdict.

*By the Court.*—Judgment affirmed.